UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

NATIONSTAR MORTGAGE LLC,
SAMUEL I. WHITE, P.C., TRUSTEE
SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; and
ENGRAM LLOYD, TRUSTEE,

        Plaintiffs,

v.                                      Civil Action No: 4:17cv122

KHAFRI DAUDA MUSTAFA ADUBIFA
DARAJA, a/k/a MAURICE O. TURNER, JR.,
TRUSTEE OF T&F HOLDINGS LAND TRUST;
DURWIN EUGENE TURNER, a/k/a EUGENE
TURNER, a/k/a AHMAD EUGENE TURNER,
TRUSTEE OF T&F HOLDINGS LAND TRUST;
DURWIN EUGENE TURNER, a/k/a EUGENE
TURNER, a/k/a EUGENE DURWIN TURNER,
a/k/a AHMAD EUGENE TURNER, INDIVIDUALLY;
T&F HOLDING LAND TRUST;
CAPITAL ONE BANK (USA), N.A.; and
MIDLAND FUNDING LLC,

        Defendants.

## MEMORANDUM ORDER

This matter is before the Court on Defendant Khafri Dauda Mustafa Adubifa Daraja's ("Daraja") notice of removal from the Circuit Court for the City of Hampton, Virginia, ECF No. 7, and a motion to remand filed by Nationstar Mortgage LLC, Samuel I. White, P.C., Trustee, Secretary of Housing and Urban Development ("HUD"), and Engram Lloyd, Trustee (collectively, "Nationstar" or "Plaintiffs"), ECF No. 10. Daraja removed on the basis of diversity

1

jurisdiction, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), and federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441(a). Notice Removal 1-2, ECF No. 7. Defendants Durwin Eugene Turner, Capital One Bank (USA), N.A. ("Capital One"), T&F Holding Land Trust, and Midland Fund LLC ("Midland") have not joined in the removal. Id. at 2-3. Plaintiffs seek remand on the ground that the notice of removal is defective because all Defendants other than Daraja have not properly joined in or consented to the removal. Pl.'s Mem. Supp. Remand 1, ECF No. 11. Plaintiffs also assert that the notice of removal does not include proper allegations regarding diversity jurisdiction, and that a federal question does not exist simply because HUD is a party to the suit. Id. 1-2.

## I. FACTUAL AND PROCEDURAL HISTORY[1]

In September 2006, the T&F Holdings Land Trust ("T&F") acquired real property ("the Property") located in Hampton, Virginia. Compl. 4, ECF No. 1-2. Daraja and Durwin Eugene Turner were then trustees of T&F, and have remained so until the present. Id. at 2-3. Two months after acquiring the Property, T&F conveyed the Property by deed of gift to the mother of Defendants Daraja and Durwin Euguene Turner, Ida Mae Turner, "for and during her natural life." Id. at

---

[1] The facts recited here are stated in the light most favorable to Plaintiff, the party seeking remand. See Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 783 n.1 (E.D. Va. 2007) (citing Booth v. Furlough, Inc., 995 F. Supp. 629, 630 (E.D. Va. 1998); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)) ("On a motion to remand, because the burden to prove jurisdiction rests on the party opposing remand, the facts are stated in the light most favorable to the party seeking remand.").

2

5. Ida Mae Turner thereafter lived at the Property as her principal residence. Id.

In December 2007, Ida Mae Turner applied for a reverse mortgage loan in which she inaccurately stated that she owned the Property in fee simple. Id. Later that month, the reverse mortgage loan was approved for $318,000, and Ida Mae Turner executed two deeds of trust conveying her interest in the Property to trustees for HUD and Gateway Funding Diversified Mortgage Services, LP.[2] Id. at 5-7. Ida Mae Turner directed that the loan proceeds be deposited into an account owned by T&F. Id. at 9.

In May 2011, Capital One docketed a judgment against Ida Mae Turner in the principal amount of $3,907.41. Id. In February 2012, Midland docketed a judgment against Ida Mae Turner in the principal amount of $3,824.05. Id.

In February 2017, Daraja prepared a quitclaim deed by which Ida Mae Turner granted her interest in the Property to Ahmad Eugene Turner. Id. at 10. On March 18, 2017, Ida Mae Turner died. Id. Eleven days later, the quitclaim deed was recorded. Id.

On September 11 2017, Plaintiffs brought suit against Defendants in the Circuit Court of Hampton, Virginia, seeking numerous types of equitable and other relief related to the reverse mortgage. Id. at 1, 11-18. In particular, Plaintiffs assert the

---

[2] Gateway later assigned its interest in the deed of trust to Bank of America, who then assigned its interest in the deed of trust to Nationstar in 2012. Compl. 9-10, ECF No. 1-2.

3

following: (1) that the deed of gift and the deeds of trust should be reformed to reflect that the Property was conveyed in fee simple to Ida Mae Turner, id. at 11-13; (2) that the court should quiet title to the Property to reflect that Eugene Turner has no interest in it, and that the reverse mortgage deeds of trust are valid and enforceable liens against the Property, id. at 14; (3) in the alternative, that Daraja and/or Eugene Turner be ordered to disgorge any and all amounts of the loan proceeds by which they were unjustly enriched, id.; (4) in the alternative, that the court impose a constructive trust against the Property in the amount of $318,000, id. at 15; and (5) that the court impose equitable relief to "treat as done what in good conscience ought to have been done", id. at 16.

On October 16, 2017, Daraja removed the instant action to federal court. Notice Removal 1, ECF No. 7. The notice of removal states that "[a]ll other Defendant(s) who have been served with summons and petition have joined or will join shortly in this removal, as will be evidenced by the forthcoming Joinder/affidavit of Defendant(s) to be filed hereafter and attached hereto." Id. at 2. Defendants Durwin Eugene Turner, Capital One, T&F, and Midland have not joined in the removal at any time since its filing in October 2017. Id. at 2-3; see also Def.'s Opp'n Remand Br. 2, ECF No. 13 ("[A]t the time of the Notice of Removal, this Defendant was under the belief that the defendant Ahmad Eugene Turner would be joining in the motion for removal, but he has not done so, nor as a result

4

of a disagreement, has he communicated with this Defendant.") (emphasis added). In all of his filings, Daraja does not address why removal is proper without the consent of T&F, Capital One, and Midland. As mentioned above, Daraja asserts that there is diversity and federal question jurisdiction, and has removed under 28 U.S.C. § 1441(a). Notice Removal 1-2, ECF No. 7.

On October 16, 2017, Plaintiffs filed their motion to remand. ECF No. 10. Their primary contention is that the notice of removal is defective pursuant to 28 U.S.C. § 1446(b)(2)(A) in that all Defendants have not consented to the removal. Pl.'s Mem. Supp. Remand 1, ECF No. 11. They also assert that, even if the unanimity requirement did not render removal defective, there is a lack of complete diversity and a lack of federal question jurisdiction. Id. at 1-2.

On October 30, 2017, Daraja filed his response to the motion for remand. Def.'s Opp'n Remand Br., ECF No. 13. On November 6, 2017, Plaintiffs filed their reply brief. Pl.'s Reply Br., ECF No. 14. With the motion to remand fully briefed, this matter is ripe for consideration.

## II. STANDARD OF REVIEW

Federal district courts are courts of limited subject matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)). They may exercise "only the

jurisdiction authorized them by the United States Constitution and by federal statute." Id. (citing Bowles v. Russell, 551 U.S. 205 (2007)). District courts have diversity jurisdiction in civil actions between "citizens of different states" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). If a case based on diversity jurisdiction is not initially filed in federal court, a court may exercise jurisdiction over the case upon proper removal to federal court. 28 U.S.C. §§ 1441, 1446. District courts have federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal implicates significant federalism concerns and, accordingly, requires district courts to construe the removal statute strictly against removal. Campbell v. Hampton Roads Bankshares, Inc., 925 F. Supp. 2d 800, 803 (E.D. Va. 2013) (citing Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 784 (E.D. Va. 2007)).

Section 1441 of Title 28, United States Code, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Further, 28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely

under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." The Supreme Court has construed these statutes "to require all defendants in a case to join in or consent to removal, creating the so-called 'rule of unanimity.'" Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013) (citing Mayo v. Bd. of Educ. of Prince George's Cnty., 713 F.3d 735, 741 (4th Cir.2013) (citing Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620 (2002))); see also Charles Alan Wright & Arthur R. Miller, 14C Federal Practice and Procedure § 3730 (4th ed. 2013 and Supp. 2017) ("In cases removed pursuant to Sections 1441(a) and (b) of Title 28 and in other removals as to which Congress has not otherwise provided, all of the defendants in the state court action must consent to the removal, and the notice of removal must be signed by all of the defendants, although other forms of manifested consent may be acceptable to the federal court, . . . courts at all levels of the federal judiciary require written consent by all of the defendants, either in the notice of removal or in other papers filed with the district court."). The Fourth Circuit has stated that "the rule of unanimity is consistent with our obligation 'to construe removal jurisdiction strictly because of the significant federalism concerns implicated.'" Hartford Fire, 713 F.3d at 741 (citing Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir.2005)). "The rule of unanimity helps to effectuate Congress's

7

intent in limiting removal to prevent it from being used too broadly or casually." Id.

### III. DISCUSSION

Plaintiffs argue that the case must be remanded because Daraja failed to secure the consent of all Defendants to removal. Pl.'s Mem. Supp. Remand 1, ECF No. 11. It is undisputed that Daraja failed to secure the consent to removal of Defendants Capital One, T&F, and Midland at the time of the filing of the notice of removal, Notice Removal 2-3, ECF No. 7, and no papers have been subsequently submitted to the Court by these Defendants consenting to such removal. While Daraja appears to believe that he only requires the consent of his brother, Ahmad Eugene Turner, for removal to be proper, by his own admission he has failed to at any time secure even that Defendant's consent. Def.'s Opp'n Remand Br. 2, ECF No. 13 ("[A]t the time of the Notice of Removal, this Defendant was under the belief that the defendant Ahmad Eugene Turner would be joining in the motion for removal, but he has not done so, nor as a result of a disagreement, has he communicated with this Defendant."). Thus, because Defendant seeks to remove on the basis of diversity and federal question jurisdiction, which are both removable under 28 U.S.C. 1441(a), and because 28 U.S.C. § 1446(b)(2)(A) requires Defendant to secure the consent of all Defendants prior to removal, removal will be defective unless Defendant can demonstrate that an exception to the "rule of unanimity" applies.

One possible exception to the "rule of unanimity" occurs where an attorney signs the notice of removal and represents in the notice that all other defendants have consented to the removal. See Mayo, 713 F.3d at 742. Here, Daraja was at one time a licensed attorney in Virginia, but he forfeited his license as of March 1, 2017. See License Forfeitures, Virginia State Bar, https://www.vsb.org/site/members/license-forfeitures (last visited Feb. 8, 2018). He was therefore not licensed at the time he filed the notice of removal *pro se* in September 2017. Notice Removal 2-3, ECF No. 7. In addition, even if Daraja were licensed, he does not actually represent in the notice of removal that he had already obtained the consent of all the Defendants, stating merely that all Defendants "have joined or will join shortly in this removal." Id. at 2 (emphasis added). Therefore, both because Daraja was not a licensed attorney when he filed the notice of removal and because he did not represent that he had already obtained the consent of all the Defendants to removal, this exception does not apply.

As the party opposing remand, Daraja bears the burden of proving jurisdiction. Kokkonen, 511 U.S. at 377. He has failed to assert that any other possible exception to the "rule of unanimity" applies to his notice of removal. Therefore, for the reasons stated above, the Court **GRANTS** Plaintiff's motion to remand, and **REMANDS** this case to the Circuit Court for the City of Hampton, Virginia. ECF No. 10.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 9, 2018